IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | CASE NO. 1:06CR 290 |
| | } | |
| Plaintiff, | } | |
| | } | JUDGE PATRICIA A. GAUGHAN |
| v. | } | |
| | } | |
| TORRENCE GILLIS, | } | **TRIAL BRIEF** |
| | } | |
| Defendant. | } | |

Defendant Torrence Gillis hereby presents the following trial brief for the use of the court in the matter referenced above.

Respectfully submitted,

/s/ Donald Butler

_____
Donald Butler, Esq. (#0005698)
Attorney for Torrence Gillis
75 Public Square, Suite 600
Cleveland, Ohio 44114
Tel. 216.621.7260
butdon@aol.com

1

## **CERTIFICATE OF SERVICE**

A copy of the foregoing **Trial Brief** was sent via electronic filing to Assistant United States Attorney Edward Feran on this 28th day of February, 2007. The document was also mailed to him at the Carl B. Stokes District Courthouse at 815 West Superior Avenue in Cleveland, Ohio 44113.

/s/ Donald Butler
_____
Donald Butler, Esq.
Attorney for Torrence Gillis

**Statement of Facts**

The government has indicated in no uncertain terms that it will produce witnesses and other evidence to prove that Torrence Gillis knowingly participated in a conspiracy spanning the a Cleveland housing project, known as the Cedar Estates. The government claims further that the object of the conspiracy was to distribute crack cocaine within that area and to protect the interest of the co-conspirators in doing so by making it exclusive- primarily through threats of violence and other violent activity against those not part of the neighborhood.

The government asserts that this can be shown, as well as Torrence Gillis' alleged involvement in the conspiracy, through the testimony of "undercover informants, equipped with audio and video recording devices." It is further asserted that these individuals made numerous controlled buys of crack cocaine and, presumably, will testify in court concerning this activity. What the government's evidence will be is not known by the defendant. Thus, it is hardly possible for Torrence Gillis to state with any certainty what his reaction, if any, will be when the Government's evidence is adduced at trial. Mr. Gillis is aware that as a defendant in this case he does not have to prove anything- he may sit and watch the proceedings as they unfold. By virtue of his plea of "not guilty," Torrence Gillis denies that the government can meet its burden of proof by establishing his guilt beyond a reasonable doubt on each element of the criminal allegations lodged in the indictment.

**Law and Argument**

Generally, it is considered to be axiomatic that a conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means. The agreement, or preconceived plan, to do the unlawful act is the thing which must be proved. While it is here conceded that direct proof of agreement is not required, nor is it necessary that a formal agreement be proven, sufficient proof that an agreement existed must be adduced. **United States v. Layne**, 192 F.3d 556, 567 (6th Cir. 1999).

Mr. Gillis recognizes that where the circumstances, acts and conduct of the participants establish an agreement in fact, proof of a conspiracy may be sufficient. In addition, the circumstantial evidence thereon may be based on inference. However, when the evidence establishes no more for the jury than "a choice of reasonable possibilities," the proof on those elements is woefully insufficient to sustain a verdict of guilty on appellate review. **United States v. Saunders**, 325 F.2d 840, 843.

In **United States v Morrison**, No. 05-3645 (6th Cir. 2-22-07), the Sixth Circuit determined that the government failed to establish the defendant's membership where his knowledge of the conspiracy was vague and tenuous. Id. at p. 8. While it is beyond dispute that only 'slight' evidence is needed to connect a defendant to a conspiracy, it is equally clear that mere association or mere presence with conspirators fails to prove participation in a conspiracy. **United States v. Gibbs**, 182 F.3d 408, 422 (6th Cir. 1999) It is well-settled that due

4

process requires that Gillis' guilt must be "personal and individual, and a conviction, especially on charges relating to a conspiracy, must rest on individual guilt proven beyond a reasonable doubt." **Morrison**, quoting **United States v. Samuels**, 741 F.2d 570, 575 (3d Cir. 1984). See also **Kotteakos v. United States**, 328 U.S. 750 (1946). "'It is not enough for [the evidence] merely to establish a climate of activity that reeks of something foul.'" **Morrison**, supra, quoting **United States v. Wright**, 12 F.3d 215.

Gillis is demanding that the Court protect his due process right by requiring the government to shoulder its burden of proof in this case. **In re Winship** (1970), 397 U.S. 358, 362. For indeed, this requirement is one that is historically grounded in the American system, "developed to safeguard men from dubious and unjust convictions, with resulting forfeitures of life, liberty and property." **Brinegar v. United States** (1949), 338 U.S. 160, 174. A conspiracy charge cannot be made by piling inference upon inference. **Direct Sales v. United States** (1943), 319 U.S. 705, 711. Stated another way, Gillis is imploring the Court to guard against permitting the government to parade before the jury evidence that requires the jury to engage in "conjecture and surmise" regarding what Gillis may have intended or known, which certainly would be insufficient to support a guilty verdict. **United States v. Coppin,** 1 F. App'x 283, 291 (6th Cir. 2001) (unpublished).

Of no mean significance in this case is the rule of law that the mere purchase or sale of drugs does not by itself establish a conspiracy to distribute crack cocaine. Not only must the government establish the elements of

5

conspiracy, including an agreement among those charged in the indictment with each other to distribute cocaine, it must prove that Gillis engaged in activity that amounts to more than a mere buyer/seller relationship to support a return of a guilty verdict. The evidence concerning the relationship between the parties must prove beyond a reasonable doubt that, through the defendant's personal knowledge and individual participation, he was a member of the alleged conspiracy. See **United States v. Martinez**, 430 F.3d 317, 343; ftn. 6 (6th Cir. 2005). Cf., **United States v. Caver**, 470 F.3d 220, 234 (6th Cir. 2006).

>
> Respectfully submitted,
>
> /s/ Donald Butler
>
> _____
> Donald Butler, Esq.
> Attorney for Defendant

6