UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:06 CR 290 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Torrence Gillis, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255 (Doc. 799) and plaintiff's Motion to Dismiss (Doc. 802). For the following reasons, defendant's motion is DENIED and plaintiff's motion is GRANTED.

**FACTS**

Defendant was charged and convicted of distributing crack cocaine. This Court sentenced defendant on May 22, 2007. Thereafter, defendant filed an appeal and the matter was remanded for resentencing. On December 11, 2009, this Court sentenced defendant to 191 months imprisonment. On December 12, 2009, the Court issued an amended judgment. On May 20, 2011, defendant filed his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to

§ 2255. The government has moved to dismiss the motion as untimely. Defendant did not oppose the government's motion.

**DISCUSSION**

Generally, a prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir.2005) (citations omitted).

Section 2255 motions are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The limitation period generally runs from the date on which the judgment of conviction becomes final. *Id.* In the event a petitioner did not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *Sanchez–Castellano v. United States*, 358 F.3d 424 (6th Cir.2004).

Under Fed.R.App.P. 4(b)(1), defendant had 14 days from the entry of the Judgment issued on December 12, 2009, in which to file his notice of appeal.[1] Defendant did not file a

---

[1] The government claims that at the time of defendant's sentencing, Fed. R. App. Proc. 4(b)(1) allowed ten days for the filing of a notice of appeal. It appears that the amendment to Fed. R. App. Proc. 4(b)(1), which allows 14 days for the filing of a notice of appeal in a criminal case, became effective December 1, 2009. Accordingly, it appears that defendant had 14 days in which to file a notice of appeal. The motion, however, is time-barred regardless of which appeal period applies.

timely notice of appeal.[2]  Since he did not pursue a timely direct appeal, his conviction became final on December 26, 2009.

Gillis had one year, or until December 26, 2010, within which to file his § 2255 motion. Defendant did not file his motion until May 20, 2011.  As such, the motion is untimely.  Gillis makes no argument to the contrary.

**CONCLUSION**

For the foregoing reasons, plaintiff's Motion to Dismiss is granted and defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255 is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. §  1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/8/11

---

[2]  Defendant filed an untimely notice of appeal on August 6, 2010, which the Sixth Circuit dismissed.