No. 12-3397

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| TORRENCE GILLIS, | ) | |
|    Petitioner-Appellant, | )<br>)<br>) | |
| v. | ) | ORDER |
| UNITED STATES OF AMERICA, | )<br>)<br>) | |
|    Respondent-Appellee. | )<br>)<br>) | 1:06cr290-12 |

**FILED**
Jan 06, 2014
DEBORAH S. HUNT, Clerk

Before: SILER and ROGERS, Circuit Judges; BERTELSMAN, District Judge.[*]

Torrence Gillis petitions for a rehearing of this court's order that affirmed the district court's denial of a motion to vacate his sentence under 28 U.S.C. § 2255.

In 2007, a jury convicted Gillis of distributing cocaine base. He was initially sentenced to 262 months of imprisonment, but that judgment was reversed on direct appeal. *United States v. Gillis*, 592 F.3d 696, 699 (6th Cir. 2009). On December 11, 2009, the district court resentenced Gillis to 191 months of imprisonment and six years of supervised release. His attorney filed an appeal from that judgment on August 6, 2010, but this court dismissed the appeal because it was untimely filed. *United States v. Gillis,* No. 10-3953 (6th Cir. Jan. 24, 2011) (unpublished order).

On May 17, 2011, Gillis filed a pro se motion to vacate his sentence under § 2255. He alleged that he had been denied the effective assistance of counsel because his attorney did not file a timely appeal from the resentencing judgment. The district court granted the government's motion and dismissed the case on September 9, 2011, as Gillis had not filed his § 2255 motion within the applicable one-year limitations period. *See* 28 U.S.C. § 2255(f).

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

In affirming that judgment, we noted that Gillis had not raised a specific argument regarding equitable tolling in the district court. *Gillis v. United States*, 729 F.3d 641, 644-45 (2013). We also rejected Gillis's argument that the limitation period should have commenced when his untimely appeal was dismissed. *Id.* at 644.

Gillis now argues that there was no reason to file a § 2255 action in August 2010 because the district court granted a "notice of appealability" regarding his new sentence. However, Gillis wrote to the district judge in June 2010 and acknowledged that his resentencing appeal had been untimely filed. Moreover, the record does not contain an order enlarging the time for filing an appeal. Thus, Gillis should have known that the time for filing a § 2255 action had already started to run.

Gillis argues that he did not receive the government's motion to dismiss his direct appeal as untimely filed. However, his letter to the district judge shows that he knew that the time had expired for filing a direct appeal. Gillis also maintains that he did not receive the government's motion to dismiss his § 2255 action. However, the record shows that the motion to dismiss was properly served on Gillis at the address that was listed on his § 2255 motion.

Finally, Gillis asserts that he did not learn that his attorney had not filed a timely appeal until Gillis received an updated docket sheet on June 20, 2010, after making numerous inquiries about his case. Thus, he now argues that he pursued his rights diligently and that he is entitled to equitable tolling. However, equitable tolling also requires a showing that some "extraordinary circumstance" resulted in his failure to comply with the filing deadline. *See Holland v. Florida*, 560 U.S. 631, ___, 130 S. Ct. 2549, 2562 (2010)). Gillis has not met this requirement because he has not shown that the alleged ineffective assistance of counsel resulted in the belated filing of his § 2255 motion.

Gillis has not cited any misapprehension of law or fact that would alter our prior opinion. *See* Fed. R. App. P. 40(a). Therefore, his petition for a rehearing is DENIED.

ENTERED BY ORDER OF THE COURT

Clerk